IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GORDON OKOLI | § | |
| v. | § | CIVIL ACTION NO. 6:08cv476 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Movant Gordon Okoli, proceeding *pro se*, filed this application for a writ of error coram nobis complaining of the validity of a criminal conviction which he received in the Eastern District of Texas. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Okoli was convicted of possession with intent to distribute cocaine on January 20, 1998, receiving a sentence of 151 months in prison, followed by a term of five years of supervised release. His conviction was affirmed on direct appeal, and his petition for a writ of certiorari was denied by the Supreme Court. Okoli has also sought relief through a Section 2255 motion to vacate or correct his sentence, filed with the assistance of counsel, which was denied by the district court on July 15, 2005; Okoli did not appeal this decision.

In his coram nobis petition, Okoli says that he received ineffective assistance of counsel, he was deprived of his right to trial by jury because he was absent on the day of trial due to "compelling exceptional circumstances," no probable cause existed to arrest him, and there was no evidence to support the finding of the quantity of drugs with which he was charged.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be denied. The Magistrate Judge explained that the writ of error coram nobis is generally used where an inmate has completely served his sentence and is no longer in custody, so no other remedies are available. *See* United States v. Bruno, 903 F.2d 393, 395-96 (5th Cir. 1990). It is not a substitute for an appeal, but it is strictly limited to instances in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid; a petitioner seeking coram nobis relief must demonstrate that there are circumstances compelling the granting of the writ in order to achieve justice, that sound reasons exist for the failure to seek appropriate earlier relief, and that the petitioner continues to suffer continued legal consequences from his conviction which may be remedied by the granting of the writ. Foont v. United States, 93 F.3d 76, 78-79 (2nd Cir. 1996).

Although one requirement for coram nobis relief is that the inmate is no longer in custody, the Magistrate Judge observed that Okoli had been released from incarceration on September 12, 2008, and thus was in his five-year term of supervised release, which is a form of "custody." In addition, the Magistrate Judge stated that Okoli had neither alleged nor shown that he was suffering any form of civil disability as a result of the conviction, nor did he show that sound reasons existed for his failure to seek appropriate earlier relief. Okoli previously filed a direct appeal of his conviction, a Section 2255 motion to vacate or correct sentence, and a motion in his criminal case to dismiss or reverse the conviction, and so the Magistrate Judge stated that the grounds brought in the present petition could have should have been brought in one of these prior proceedings. Finally, the Magistrate Judge cited a case from the U.S. Supreme Court called Carlisle v. United States, 517 U.S. 416. 429 (1996), in which the Court said that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate."

Okoli did not file objections to the Magistrate Judge's Report *per se*, but instead sought an interlocutory appeal. To the extent that his statements in his notice of appeal may be considered as objections, these are without merit. Okoli says that he was released from the custody of the Bureau

of Prisons to the U.S. Immigration and Customs Enforcement Agency (ICE), which has placed him into removal proceeding based on the conviction which he challenges in this case. He says that his pending deportation proceedings amount to "civil disabilities" and represent compelling circumstances justifying the granting of the writ of error coram nobis.

Whether or not this is correct, however, Okoli has not shown that sound reasons existed for his failure to seek earlier relief. As noted above, he filed a direct appeal, an application for certiorari, a motion to vacate or correct his sentence, and a motion in his criminal case to dismiss or reverse the conviction. As the Magistrate Judge said, coram nobis relief is not a substitute for an appeal, and the grounds which he presents in his present petition could and should have been raised in one of these prior proceedings. The Magistrate Judge did not err in recommending that the application for a writ of error coram nobis be denied, and Okoli's objections (as stated in his notice of interlocutory appeal) are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, as well as the Report of the Magistrate Judge and the Movant's objections thereto, as stated in his notice of interlocutory appeal. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Movant's objections are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of error coram nobis be and hereby is DISMISSED with prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 9th day of February, 2009.**

3

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE